JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., | ) Case No. 2:24-cv-03716-JLS-JC |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION AND ) ORDER DISMISSING ACTION |
| LANCASTER STATE PRISON WARDEN LUNDY, et al., | ) |
| Defendants. | ) |

## I.    INTRODUCTION

On April 28, 2024, Plaintiff Christopher Lipsey, Jr., who was then in custody at California State Prison, Los Angeles County ("CSP-LAC"),[1] is proceeding *pro se*, and has been granted leave to proceed without prepayment of filing fees ("IFP"), constructively filed a Civil Rights Complaint ("Complaint" or "Comp.") pursuant to 42 U.S.C. § 1983 ("Section 1983") and California's Bane Act, Cal. Civil Code § 52.1 against the following Defendants:  (1) Lundy, CSP-LAC Warden; (2) Z. Soisuvarn,

---

[1] The inmate locator for the California Department of Corrections and Rehabilitation ("CDCR") reflects that Plaintiff is currently housed at California State Prison, Sacramento.  See https://ciris.mt.cdcr.ca.gov/search (last visited September 4, 2025).

1

CSP-LAC Captain; (3) A. Martinez, CSP-LAC Lieutenant; (4) Garcia, CSP-LAC correctional officer; (5-17) John Does 1-13, CSP-LAC correctional officers; and (18) unnamed doctor, Palmdale Regional Hospital.[2]  (Docket No. 1).  Warden Lundy was sued in her individual and official capacities, and all other Defendants were sued solely in their individual capacities.  (Comp. at 3-4.)  Liberally construed, the Complaint appeared to claim that Defendants violated Plaintiff's rights by causing and failing to protect him from serious harm, or otherwise being deliberately indifferent to a substantial risk of such harm (construed as claims arising under the Eighth Amendment), failing to provide adequate remedies for such harms in violation of due process (construed as claims arising under the Fourteenth Amendment), and causing or failing to prevent the theft of Plaintiff's property (also construed as a Fourteenth Amendment due process claim).  (See Comp. at 3-10, 14-15.)  Plaintiff sought monetary and injunctive relief, including a preliminary injunction and/or temporary restraining order, as well as the appointment of counsel and an order requiring CSP-LAC officials to turn over body camera footage and other evidence.  (See Comp. at 9, 11, 15, 18).

On March 7, 2025, the Court issued an Order directing Plaintiff to show cause why his IFP status should not be revoked, dismissing the Complaint with leave to amend for violation of Rule 8 of the Federal Rules of Civil Procedure and failure to state a claim for relief, among other deficiencies, denying without prejudice Plaintiff's

---

[2] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is generally deemed to be filed as of the date the prisoner signed and delivered it to prison authorities for mailing, not the date on which the pleading may have been received or filed by the court.  Houston v. Lack, 487 U.S. 266, 270 (1988); see also Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) ("[T]he Houston mailbox rule applies to § 1983 suits filed by *pro se* prisoners."); Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed."), cert. denied, 565 U.S. 897 (2011).  Here, while some pages in the Complaint are signed and dated April 4, 2024 (see Comp. at 9, 18), and others are dated April 28, 2024 (see Comp. at 11-12, 15-16, 20), it appears the latter date was when the Complaint actually was provided to authorities for filing (see also Comp. at 22).  The Complaint is thus deemed to have been filed on that date, April 28, 2024.  (Citations to the Complaint refer to the page numbers assigned by the Court's Case Management/ Electronic Case Filing (CM/ECF) system.)

requests for a temporary restraining order, discovery, and counsel, and directing Plaintiff to respond to the Order ("March Order").  (Docket No. 13).  Specifically, Plaintiff was directed to (1) file a response showing cause why the Court should not revoke his IFP status based on his failure to demonstrate that he qualifies for the "imminent danger" exception under 28 U.S.C. § 1915(g) ("Section 1915(g)") or otherwise showing why his IFP status should not be revoked under Section 1915(g);[3] and (2) file one of the following:  (a) a First Amended Complaint which cures the pleading defects described in the March Order; (a) a notice of dismissal; or (c) a notice of intent to stand on the Complaint.  (March Order at 29-30).  The March Order also reminded Plaintiff that it is his obligation to notify the Court immediately if his address changes and promptly to provide the Court with the new address and its effective date, and Plaintiff was cautioned that his failure to do so may result in a dismissal of the case for want of prosecution.[4]  (March Order at 30 (citing Local Rule 41-6)).  The March Order expressly cautioned Plaintiff that the failure timely to file a First Amended Complaint, a notice of dismissal, or a notice of intent to stand on the Complaint may be deemed Plaintiff's admission that such response and/or amendment is futile and may result in the dismissal of this action on the grounds set forth in the March Order, on the ground that amendment is futile, for failure to prosecute diligently, and/or for failure to comply with the March Order.  (March Order at 30).

The March Order called for Plaintiff to respond thereto by March 27, 2025.  However, the Court subsequently learned that, due to a clerical error, the March Order

---

[3] Because Plaintiff had already accumulated more than three strikes before he initiated this action, Plaintiff cannot proceed IFP in this case unless he plausibly alleges that he was "under imminent danger of serious physical injury" when he filed the Complaint.  Andrews v. Cervantes, 493 F.3d at 1052-53; 28 U.S.C. § 1915(g).

[4] Plaintiff previously was advised of this obligation in a Notice of Judge Assignment and Reference to a United States Magistrate Judge (Docket No. 5), issued on May 9, 2024, and in an Initial Order Re: Pro Se Civil Rights Cases (Docket No. 7), issued on June 12, 2024.  Neither of those documents were returned to the Court and are therefore presumed to have been received by Plaintiff.

3.

had not in fact been mailed promptly to Plaintiff at the California State Prison, Sacramento, where he then resided and continues to reside.  To rectify this error, on April 18, 2025, the March Order was mailed to Plaintiff at his correct address, and Plaintiff's deadline to respond to and comply with the March Order was *sua sponte* extended to May 8, 2025.  (Docket No. 14).

To date, Plaintiff has failed to respond to or comply with the March Order in any respect, and has not sought an extension of time to do so.  As discussed below, this action is dismissed due to Plaintiff's failure to state a claim for relief, his failure to prosecute diligently, and his failure to comply with the March Order.

## II.    PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute.  See Link v. Wabash R.R., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute" (citations omitted)); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*" (citations omitted; emphasis in original)).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963

4.

F.2d at 1260-61 (failure to comply with court orders).  Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively."  Ferdik, 963 F.2d at 1261 (citation omitted).  A district judge may not dismiss an action for failure to comply with a court order or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing McKeever, 932 F.2d at 797).

## III.    DISCUSSION AND ORDER

First, as explained in the March Order, the Complaint fails to state a claim for relief against any Defendant.  The March Order explained in detail what Plaintiff needed to do to cure the deficiencies in his pleading, ordered Plaintiff to respond to the March Order by filing a First Amended Complaint which cured the identified pleading defects, or filing a notice of dismissal, or filing a notice of intent to stand on the Complaint, and cautioned Plaintiff that his failure timely to respond to the March Order may be deemed his admission that amendment is futile and may result in the dismissal of this action on the grounds identified in the March Order, on the ground that amendment is futile, for failure to prosecute diligently, and/or for failure to comply with the March Order.  In light of Plaintiff's failure to file a response to the March Order as expressly directed, this Court deems such failure Plaintiff's admission that amendment of the Complaint is futile and concludes that Plaintiff is unable or unwilling to draft a complaint that states viable claims for relief.  See, e.g., Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules,

it is reasonable to conclude that the litigant simply *cannot* state a claim." (emphasis in original)), <u>cert. denied</u>, 574 U.S. 815 (2014). Accordingly, dismissal of the instant action based upon Plaintiff's failure to state a claim is appropriate.

Second, dismissal is appropriate based upon Plaintiff's failure to comply with the March Order and the failure to prosecute. The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, the risk of prejudice to Defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal. As noted above, Plaintiff has been notified of the deficiencies in the Complaint and has been given the opportunity to amend it, to dismiss it, or to notify the Court that he wishes to stand thereon. He has not done so. The third factor, risk of prejudice to Defendants, also weighs strongly in favor of dismissal. <u>See Anderson v. Air West, Inc.</u>, 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay (citation omitted)). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. As for the fifth factor, since Plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the March Order, and Plaintiff has been afforded the opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal is feasible. <u>See, e.g.</u>, <u>Yourish</u>, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

///

///

///

6.

1

2

IT IS THEREFORE ORDERED that this action is dismissed based upon Plaintiff's failure to state a claim, his unreasonable failure to prosecute, and his failure to comply with the March Order.

IT IS SO ORDERED.

DATED:  September 9, 2025

HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE